

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT S. BETTIS, | No. 15-35014 |
| Plaintiff - Appellant, | D.C. No. 6:13-cv-01623-CL |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted March 7, 2016**

Before:    PREGERSON, LEAVY, and OWENS, Circuit Judges.

Robert S. Bettis appeals the district court's judgment affirming an

Administrative Law Judge's ("ALJ") decision denying his application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291. We affirm.

The ALJ provided specific, clear and convincing reasons for finding Bettis not fully credible: (1) Bettis's condition improved with treatment, *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling[.]"); (2) there was no evidence of follow up care, and although Bettis contends he could not afford treatment, he was advised to go to a free clinic, *id.*; (3) Dr. Atkinson's opinion was consistent with the record, her clinical observations, and Bettis's daily activities; (4) the medical evidence contradicted Bettis's allegations of memory and concentration problems; and (5) Bettis declined treatment for depression. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008) (ALJ must provide "clear and convincing" reasons for discrediting a claimant absent "affirmative evidence" of malingering) (citation omitted)); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (discussing credibility factors).

The ALJ gave a germane reason for rejecting the lay witness testimony of Bettis's spouse and of Bettis's former employer that Bettis had memory and concentration problems: the testimony was contradicted by the medical evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason for rejecting lay testimony); *see also*

2

*Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (suggesting one germane reason is sufficient).

The ALJ did not err in failing to recognize Bettis's obesity as an impairment. The record does not indicate that Bettis's obesity caused any functional limitations, and in any event, the ALJ took into account Bettis's obesity in formulating the residual functional capacity ("RFC") because the ALJ credited the opinion of Dr. Atkinson, who considered Bettis's weight in assessing his functional abilities. *See Burch v. Barnhart*, 400 F.3d 676, 681–83 (9th Cir. 2005) (addressing arguments about ALJ's failure to properly consider claimant's obesity).

Having rejected Bettis's claims that he had problems with his memory and concentration and that he was unable to sit, the ALJ was not required to again consider these impairments at Step 4. The ALJ's RFC determination and associated questions posed to the vocational expert pertaining to Bettis's restrictions "contained all of the limitations" that he "found credible." *Bayliss*, 427 F.3d at 1217. The ALJ's reliance on the vocational expert's testimony in concluding that Bettis was able to perform his past relevant work as a web designer was therefore proper.

**AFFIRMED.**

3